**Helmuth SCHERER, Appellee,**

v.

**John A. COSGROVE, Appellant.**

**No. 73–1191.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 6, 1975.

Decided Feb. 19, 1975.

Walter L. Penn, III, Asst. Atty. Gen. of Va., and T. J. Markow, Richmond, Va. (Andrew P. Miller, Atty. Gen. of Va., and Shaia, Stout & Markow, Richmond, Va., on brief), for appellant.

Helmuth Scherer, pro se.

Before CRAVEN, BUTZNER and WIDENER, Circuit Judges.

CRAVEN, Circuit Judge.

On October 31, 1973, we vacated the judgment of the district court and remanded this case for findings of fact and conclusions of law as required by Rule 52(a) of the Federal Rules of Civil Procedure. On January 3, 1974, the district court entered an order containing its findings and conclusions, and reaffirmed its prior judgment. Cosgrove, by his counsel, the Attorney General of Virginia, again appeals, and we reverse.

It is undisputed that Cosgrove was an employee of the Virginia Department of Labor and Industry charged with responsibility for enforcing the state statute that makes it a misdemeanor for an employer to fail to pay its employees wages or salaries due for work performed during a pay period.[1] It is also clear (the

---

1. Va.Code Ann. § 40–24:

(a) All employers engaged in the operation of any business establishment shall establish regular pay periods and rates of pay for employees except executive personnel and shall pay salaried employees at least once each month and employees paid on an hourly rate at least once every two weeks or twice in each month. Upon termination of employment an employee shall be paid all wages or salaries due him for work performed prior thereto; such payment shall be made on or before the date on which he would have been paid for such

district court so found) that Cosgrove acted in response to complaints of employees of Computer Graphics Associates, Inc.[2] in initially causing warrants to issue for the arrest of Scherer, who was then president and a major stockholder of the corporation. These employees have never been paid, despite (as found by the district judge) the granting of a continuance by the state court in order to give Scherer time to pay the back wages. The record also establishes (and the district judge so found) that the state court found Scherer guilty on several counts of failure to pay wages and sentenced him to 30 days on each count plus a fine of $100.[3]

In spite of these undisputed facts: the duty of Cosgrove to prosecute wage cases, the failure of the employer to pay the wages, and conviction on the merits in the state court, the district judge nevertheless concluded that Cosgrove violated Scherer's civil rights when he caused Scherer's numerous arrests for failure to pay wages. The district judge reasoned that when a corporation is the employer the warrant must issue against the corporation and not its managing officer. He also concluded that the offense made punishable by the statute is a course of conduct and that it is not a separate offense to fail to pay each employee each pay period. Even with the benefit of briefs and oral argument we are not at all certain, as was the district

judge, that the chief executive of a corporation cannot be prosecuted, or that there cannot be multiple offenses per employee and pay period. Our inability either to accept or reject the district judge's conclusions with confidence points up that these are questions of state law that can be authoritatively answered only by Virginia's highest court.

Although Virginia's highest court has not passed on these questions, two lower state courts did so during Scherer's criminal prosecutions in this matter. The trial court allowed Scherer to be prosecuted as the responsible party and permitted multiple counts based on different employees. The record indicates that on Scherer's appeal the trial court was reversed on the latter point only. There are also two Opinions of the Attorney General of Virginia on the question of whether a managing officer of a corporation can be charged with failure to pay wages to corporate employees: a 1965 Opinion said no, while a later one dated October 28, 1970, said yes.

Despite these conflicting rulings by the Virginia judiciary and executive, the district judge held that Cosgrove violated Scherer's civil rights

> when he caused, under color of state law, Scherer's numerous arrests for violating Virginia Code § 40–24 (failure to pay an employee for work performed) when he knew, *or should have known*, that the complaining em-

---

work had his employment not been terminated.

. . . . .

(d) An employer who violates this section shall be guilty of a misdemeanor and upon conviction shall be fined not less than twenty-five dollars nor more than one hundred dollars or confined in jail for any term not to exceed one year, or both.

(e) The Commissioner may require a written complaint of the violation of this section and, with the written and signed consent of an employee, may institute proceedings on behalf of an employee to enforce compliance with this section, and to collect any moneys unlawfully withheld from such employee which shall be paid to the employee entitled thereto.

We are informed that Title 40 of the Code was repealed and the provisions reincorporat-

ed in Title 40.1 of the Code by the legislature in its 1970 session. The effective date of the new amendment was October 1, 1970. The activities involved in this suit arose prior to that date.

2. Cosgrove had declined to prosecute an earlier complaint when his investigation showed it to be meritless. Even so, the district court thought him overzealous.

3. These convictions were subsequently voided on what may fairly be termed a technicality of jurisdiction. Scherer had removed the state criminal cases to federal court prior to trial. That court ruled on the day of the state trial that it would remand the cases to the state court, but failed to enter its order until some five days later. A state appellate court later ruled that on this series of events the state court had no jurisdiction over Scherer on the day of his trial.

ployees were employees of the corporation.

. . . [and] when he knew, *or should have known*, that the offense made punishable under Virginia Code § 40–24 is a course of conduct—that is, one offense, not fifteen or twenty offenses . . . .

■ These conclusions of law will not support a judgment of liability under 42 U.S.C. 1983. An essential element is missing: that Cosgrove acted without probable cause when he issued multiple warrants against Scherer. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Even if we read the district judge's words "knew or should have known" to mean that Cosgrove lacked probable cause for the arrests, we think the findings of fact do not support such a conclusion. As we read the record there is nothing to suggest that Cosgrove acted without probable cause except the district judge's conclusion of law that the Virginia statute does not reach the president of a corporation and does not permit multiple counts based on different persons and pay periods. But the state trial judge thought differently, the Attorney General of Virginia has recently opined otherwise on the latter point, and neither question has been finally settled by the Virginia Supreme Court. Whatever the right view of the statute, we think Cosgrove's interpretation is not unreasonable, and indeed may be more faithful to the presumed legislative purpose to assure that workers get paid for work performed than is the district court's interpretation. Furthermore, the record on appeal indicates, although the district judge did not so find, that Cosgrove acted pursuant to his usual practice approved by his superiors, and that on prior occasions such a practice had been approved by local Commonwealth Attorneys. On this record we cannot say that Cosgrove lacked probable cause. The judgment below must be reversed. On remand the district court will enter an order dismissing the complaint.

Reversed and remanded.